IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**EMILY FOGERTY,**
**a minor child, by and through**
**MELISSA KEMNER,**
**her Mother and Next Friend,**

**Plaintiffs,**

**v.**

**BETTY SOTO,**

**Defendant.**                                                   **No. 06-CV-0039-DRH**

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

### I. Introduction and Background

Pending before the Court is Defendant's motion to dismiss Count II of Plaintiffs' complaint (Doc. 7). Plaintiff opposes the motion. Based on the following, the Court denies the motion.

On January 18, 2006, Emily Fogerty, a minor child, by and through Melissa Kemner her Mother and Next Friend filed this complaint against Betty Soto based on diversity jurisdiction (Doc. 1). The complaint alleges that on or about January 1, 2005, Emily was a passenger in a vehicle driven by Angela Schaefer when Soto negligently and carelessly drove her car through an intersection and crashed into the vehicle that Emily was a passenger. The complaint also alleges that Soto was intoxicated at the time of the accident. Count I is a claim for negligence and

Count II is a claim for for punitive damages.

## II.  Analysis

On June 6, 2006, Soto filed a motion to dismiss Count II of Plaintiffs' complaint arguing that the Court should dismiss it because it violates Illinois Code of Civil Procedure **735 ILCS 5/2-604.1** (Doc. 7).  That Illinois statute requires Plaintiffs wishing to seek punitive damages to make a pre-trial motion for punitives and after a hearing by the court amend the complaint to include a prayer of relief for punitive damages.  Plaintiffs oppose the motion arguing that **735 ILCS 5/2-604.1** does not apply as that statute is procedural in nature and, therefore, inapplicable in a diversity case.  The Court agrees with Plaintiffs.  **735 ILCS 5/2-604.1** is clearly procedural and does not apply in this case.  In a diversity action, state law provides the substantive law while federal law provides procedural law.  ***Alper v. Altheimer & Gray,* 257 F.3d 680, 688 (7th Cir.2001) ( "The proper role of a federal court sitting in diversity jurisdiction is to apply state substantive law ....."**).

## III.  Conclusion

Accordingly, the Court **DENIES** Defendant's motion to dismiss Count II of Plaintiffs' complaint (Doc. 7).

**IT IS SO ORDERED.**

Signed this 7th day of July, 2006.

/s/        David    RHerndon
**United States District Judge**